**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avram J. Ellman, | CIV 13-1075-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Avram J. Ellman's application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 32). After reviewing the arguments of the parties, the Court now issues the following ruling.

In early 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning January 1, 2008. (Transcript of Administrative Record ("Tr.") at 173, 178-80.) Plaintiff's claims were denied initially and on reconsideration. (Tr. at 73-74, 97-98.) Thereafter, Plaintiff requested a hearing before an administrative law judge, and a hearing was held on February 9, 2012. (Tr. at 24-72.) Afterwards, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. at 121-135.) The Appeals Council denied Plaintiff's request for review, (Tr. at 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, remanded this matter to the Commissioner for further proceedings. (Doc. 30.) Specifically,

1 the Court vacated the ALJ's decision concluding that although the ALJ set forth some proper
2 explanations for her conclusions, she committed several errors as well. The Court found that
3 the ALJ's errors were consequential to the ALJ's finding that Plaintiff was not disabled, and
4 therefore undermined her ultimate conclusion. The Court then remanded this matter for
5 further consideration and explanation. (Doc. 30.)

6 A prevailing party in an action against the United States is entitled to an award of
7 attorney fees and costs under the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government's
8 position was "substantially justified." The government's position is substantially justified
9 "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and
10 fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).

11 It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the
12 Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially
13 justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

14 Under the EAJA, "substantial justification" means that "'the government's position
15 must have a reasonable basis in law and fact.'" Shafer, 518 F.3d at 1071 (quoting Corbin v.
16 Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where ... the ALJ's decision was reversed on
17 the basis of procedural errors, the question is *not* whether [Defendant's] position as to the
18 merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant
19 question is whether [Defendant's] decision to defend on appeal the procedural errors
20 committed by the ALJ was substantially justified." Id. (emphasis in original) (citations
21 omitted).

22 Regarding the objective medical evidence, the Court found that, although the ALJ
23 extensively documented the medical source assessments and opinion evidence, she failed to
24 clearly identify the conflicts in the evidence, and after weighing the evidence, how she
25 reached the conclusion that one opinion should be given more weight than the other. The
26 Court found that the ALJ's conclusion was clear – but her reasoning was not. (Doc. 30.)

27 As to Plaintiff's subjective complaints, the Court determined that the ALJ did not
28 make extensive credibility findings or identify several clear and convincing reasons

1 supported by the record for discounting Plaintiff's statements regarding his limitations.
2 While the ALJ detailed Plaintiff's activities of daily living, she did not explain how these
3 activities were inconsistent with other evidence of record.  The ALJ's only stated basis for
4 discounting Plaintiff's reported limitations was that they may be inconsistent with the
5 residual functional capacity assessment.  The Court found that this was not a proper basis for
6 discounting Plaintiff's statements.  (Doc. 30.)

7 In sum, the Court concluded that the ALJ committed several errors, vacated her
8 decision, and remanded the case stating, "further administrative proceedings would serve the
9 interest of allowing the ALJ to set forth sufficiently clear explanations for her weighing of
10 the medical source evidence and the weighing of, and the credibility assessment of Plaintiff's
11 subjective complaints ... the errors the Court has noted concern the sufficiency of the ALJ's
12 explanations – not the accuracy of her conclusions."  (Doc. 30.)

13 Accordingly, based on the record before the Court, the Court concludes that
14 Defendant's decision to defend the ALJ's determination was substantially justified.
15 Although the Court ultimately vacated the ALJ's decision and remanded this matter for
16 further consideration and explanation, the record supports a finding that reasonable minds
17 could have differed concerning the inferences made by the ALJ as well as the sufficiency of
18 detail provided by the ALJ in her decision.  As such, Plaintiff's application for attorney fees
19 under the EAJA will be denied.

20 **IT IS ORDERED** that Plaintiff's application for attorney fees under the Equal Access
21 to Justice Act (Doc. 32) is **DENIED**.

22 DATED this 22nd day of May, 2015.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge

- 3 -