**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avram J. Ellman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | CIV 13-1075-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Avram J. Ellman's motion for reconsideration of the Court's Order denying his application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 41).

On May 22, 2015, the Court issued an Order denying Plaintiff's application for attorney fees under the EAJA. Specifically, the Court found that Defendant's decision to defend the ALJ's determination was substantially justified stating, "[a]lthough the Court ultimately vacated the ALJ's decision and remanded this matter for further consideration and explanation, the record supports a finding that reasonable minds could have differed concerning the inferences made by the ALJ as well as the sufficiency of detail provided by the ALJ in her decision." Thereafter, Plaintiff filed his request for reconsideration.

Whether to grant or deny a motion for reconsideration is within the discretion of the court. See Barber v. State of Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). "Motions to reconsider are appropriate only in rare circumstances[.]" Defenders of Wildlife v. Browner, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). "[A] motion for reconsideration should not be

1  granted, absent highly unusual circumstances, unless the district court is presented with
2  newly discovered evidence, committed clear error, or if there is an intervening change in the
3  controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)
4  (citing School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th
5  Cir. 1993)).  Motions for reconsideration should not be used for the purpose of requesting
6  the court "'to rethink what the court had already thought through-rightly or wrongly.'"
7  Defenders of Wildlife, 909 F.Supp. at 1352 (quoting Above the Belt, Inc. v. Mel Bohannan
8  Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)); see also Sullivan v. Faras – RLS Group,
9  Ltd., 795 F.Supp. 305, 308-09 (D. Ariz. 1992) (same).  Moreover, the Rules of Practice of
10 the U.S. District Court for the District of Arizona, state that: "No motion for reconsideration
11 of an Order may repeat any oral or written argument made by the movant in support of or in
12 opposition to the motion that resulted in the Order.  Failure to comply with this subsection
13 may be grounds for denial of the motion." LRCiv 7.2(g).

14  In his motion for reconsideration, Plaintiff essentially asks the Court to rethink what
15 it has already thought through.  As noted above, that is not a basis for reconsideration.
16 Plaintiff has not pointed to newly discovered evidence or shown that the Court clearly erred
17 or an intervening change in controlling law.  Accordingly, Plaintiff's motion for
18 reconsideration will be denied.

19  **IT IS ORDERED** denying Plaintiff's motion for reconsideration of the Court's Order
20 denying his application for attorney fees under the EAJA (Doc. 41).

21  DATED this 4th day of June, 2015.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge

- 2 -